FILED
SUPERIOR COURT
OF GUAM

2025 FEB 20 AM 9: 31

CLERK OF COURT

BY:

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RENERIO RAMOS,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC DEVELOPMENT CORPORATION,<br><br>Defendant. | CIVIL CASE NO. CV0416-23<br><br><br>**DECISION AND ORDER**<br>*Re: Plaintiff's Motion for Summary Judgment*<br>*on Plaintiff's Claims* |

This matter came before the Honorable Arthur R. Barcinas on December 4, 2024 for a hearing on Plaintiff's Motion for Summary Judgment on Plaintiff's Claims. Plaintiff was represented by Attorney Edwin Torres. Defendant was represented by Attorney Rachel Taimanao-Ayuyu. Upon consideration of the parties' arguments, the Court **DENIES** the Motion.

## INTRODUCTION

This case involves Plaintiff Renerio Ramos's ("Ramos") Motion for Summary Judgment against Defendant Pacific Development Corporation ("PDC"), concerning a disputed $500,000.00 transaction.

Ramos claims that he lent $500,000.00 to PDC and seeks summary judgment for breach of contract and money had and received. According to Ramos, the amount was a loan to be repaid upon demand. He asserts that in September 2021, he informed PDC that repayment was needed,

and they agreed to a repayment plan involving monthly payments of $5,000.00 starting on October 1, 2021. However, Ramos alleges that PDC failed to make these payments, thereby breaching the loan agreement.

On the other hand, PDC disputes Ramos's characterization of the transaction as a loan. PDC argues that the $500,000.00 was an investment intended to provide Ramos with an ownership interest or a return through PDC's profits. PDC asserts that there was no written agreement between the parties and that the check merely evidences that money was exchanged, not the terms of the transaction. PDC maintains that Ramos changed his mind almost a year after the investment and began treating the amount as a loan.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez, 2017 Guam 16 ¶ 12* (citing Iizuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit .... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez, 2015 Guam 8 ¶ 26* (citing Gayle v. Hemlani, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." Id. "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc., 2016 Guam 4 ¶ 27.* If

the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores, 2005 Guam 25* ¶ 7. If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint but must provide some significant probative evidence supporting the complaint. *Gutierrez, 2015 Guam 8* ¶ 26.

Under Rule 56 of the Guam Rules of Civil Procedure (GRCP), summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder. The court must view the evidence and draw inferences in the light most favorable to the non-moving party.

## DISCUSSION

The Court finds that there are genuine issues of material fact regarding whether the $500,000.00 was a loan or an investment. Ramos relies on his declaration and evidence of a negotiated check as proof of the loan, while PDS contends that the check merely evidences that money was exchanged and disputes the nature of the transaction. PDS has provided a declaration from Derrick Quinata stating that the money was intended as an investment, not a loan. According to Quinata, Ramos was approached with an investment opportunity by PDC, and an investment portfolio and prospectus were provided. Ramos issued a check for $500,000.00 as an investment, but later refused to sign the shareholder agreement and claimed the amount should be treated as a loan. This conflicting testimony creates a genuine issue of material fact that must be resolved by a fact-finder.

Ramos argues that a valid contract existed between the parties, consisting of an offer, acceptance, and consideration. Ramos claims that he offered to lend PDS $500,000.00, which

PDS accepted, and that the money was to be repaid upon demand. Ramos further asserts that he fulfilled his duties by delivering the money and requesting repayment, and that PDS breached the agreement by failing to make the agreed-upon payments starting October 1, 2021. Ramos also provides additional evidence in support of his claims, including a series of messages exchanged between Ramos and PDS's President, Derrick Quinata, on September 28, 2021. In these messages, Ramos reminded Quinata to start paying $5,000.00 every month as agreed, to which Quinata responded affirmatively. Additionally, Ramos references a drafted promissory note evidencing the $500,000.00 lent to PDS.

While Ramos presents a strong argument, PDS disputes the nature of the transaction, asserting that the money was an investment. This conflicting testimony, supported by Quinata's declaration, creates a genuine issue of material fact that precludes summary judgment.

Ramos also argues that PDS received money belonging to Ramos, benefited from it, and should not be permitted to keep it under principles of equity and good conscience. Ramos claims that the money was not a gift or donation and that PDS used it for its operations and for the personal benefit of its owner, Derrick Quinata. Again, PDS disputes these claims, asserting that the money was an investment. This dispute over the nature of the transaction and the intended use of the funds creates a genuine issue of material fact that must be resolved by a fact-finder.

There is no written agreement between the parties outlining the terms of the transaction. A valid contract requires an offer, acceptance, consideration, and mutual assent to the essential terms. The parties' consent must be free, mutual, and communicated by each to the other. The absence of a written agreement and conflicting declarations regarding the nature of the transaction indicate that the parties did not mutually assent to a loan on December 3, 2019.

In a contract dispute, summary judgment may only be granted where the agreement's language is unambiguous and conveys a definite meaning. Given the conflicting declarations and the lack of a written agreement, the Court finds that the terms of the alleged contract are ambiguous. This ambiguity further supports the conclusion that there are genuine issues of material fact that preclude summary judgment.

## CONCLUSION

For the foregoing reasons, the Court finds that genuine issues of material fact exist regarding the nature of the transaction between Ramos and PDS, precluding summary judgment. Therefore, Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED** _____FEB 1 9 2025_____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**